**Joseph VLACOVSKY, Plaintiff,**

v.

**General Charles KRULAK; Brigadier General Dave F. Bice; and John Does 1–10, Defendants.**

**Civil No. 96–00388 ACK.**

United States District Court, D. Hawai'i.

May 28, 1996.

Eric A. Seitz, Honolulu, HI, for Plaintiff.

Theodore G. Meeker, United States Attorneys Office, Prince Kuhio Federal Building, Honolulu, HI, for Defendants.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

KAY, Chief Judge.

### BACKGROUND

On April 24, 1996 petitioner Joseph Vlacovsky petitioned for Writ of Habeas Corpus. Vlacovsky is an enlisted member of the United States Marine Corp. and has been assigned to duties at the Kaneohe Marine Corp. Base. Vlacovsky contends that his enlistment contract has expired and that respondents General Charles Krulak, Commandant of the United States Marine Corp., and Brigadier General Dave Bice, Commanding Officer of the Marine Corp. Base in Hawaii, (collectively "Respondents"), have failed to timely discharge him from active duty.

On April 29, 1996 the Court issued an Order to Show Cause upon Respondents. In response to this Order on May 3, 1996 Respondents filed a Declaration of Major Stephen Chace, Deputy Staff Judge Advocate for the United States Marine Corp. A hearing on this matter was held before this Court on May 6, 1996.

### FACTS

Vlacovsky is an actively enlisted member of the United States Marine Corp. stationed at the Kaneohe Marine Base in Hawaii. Vlacovsky's term of enlistment was initially scheduled to expire on April 1, 1996. Vlacovsky completed his term of active duty on March 31, 1996 but his term of enlistment was extended due to pending court-martial proceedings against him.

The court-martial proceedings stemmed from Vlacovsky's refusal to submit a sample of his DNA to the Department of Defense. He was charged with disobedience of a lawful order (to submit DNA samples) and, despite various appeals by Vlacovsky, Vlacovsky was ultimately tried before a Special Court Martial on April 15, 1996. Vlacovsky was convicted and the Military Judge imposed a sentence of seven days restriction to base and a letter of reprimand.

According to Respondents, at the time of the petition Vlacovsky had not yet served this sentence due to procedural requirements that the Armed Forces must satisfy before a court-martial sentence can be imposed.

### DISCUSSION

Under the Rules for Court Martial, a servicemember's term of active duty is extended even if his term of duty has expired while that individual is subject to court-martial jurisdiction. In particular,

[c]ourt-martial jurisdiction attaches over a person when action with a view to trial of that person is taken. Once court-martial jurisdiction attaches, such jurisdiction *shall continue for all purposes of trial, sentence, and punishment, notwithstanding expiration of that person's term of service* or other period in which that person was subject to the code or trial by court-martial. When jurisdiction attaches ... the servicemember may be held on active duty over objection pending disposition of any offense for which held ...

Manual for Court–Martial (1995 Ed.), Rule 202(c)(1) (emphasis added). This jurisdiction extends "until [the servicemember] is lawfully discharged or, when the servicemember's term of service has expired, the government fails to act within a reasonable time on objection by the servicemember to continued retention." Discussion notes to Rule for Court–Martial 202; *see* Declaration of Major Stephen D. Chace, ¶ 6.

Vlacovsky contends that Respondents breached his enlistment contract by not discharging him from active duty. Even though he completed his enlistment term on March 31, 1996, Vlacovsky concedes that military jurisdiction continued over him after that date due to the pendency of his court-martial proceeding. However Vlacovsky contends that Respondents have no authority to extend his enlistment now that the court-martial proceedings ended on April 16, 1996 and he was only sentenced to seven days restriction to base.

At the time Vlacovsky filed his petition seven days had passed since the court-martial proceedings which ended on April 16. However Respondents contend that they still had military jurisdiction over Vlacovsky because his sentence of restriction to base had not yet been imposed. Under Rule for Court–Martial 1107, the sentence of the court-martial must first be approved by the "convening authority," who must "take action" on a case in order to approve the sentence. According to Respondents, the punishment cannot be imposed until after this convening authority takes action and approves the sentence. The convening authority may only take action after (1) the accused has submitted matters in clemency for the convening authority to consider, (2) the accused waives his right to do so, or (3) the 10–day statutory period has expired for the accused to submit matters to the authority. Rule for Court–Martial 1107(2) and (3); *see* Declaration of Major Stephen D. Chace. The statutory 10–day period runs 10 days after the accused received an authenticated record of trial.

Applied in the case at bar, Vlacovsky contends that all disciplinary proceedings against him have been completed and there-fore Respondents had no authority to continue to extend his active duty status after his enlistment contract expired. However the Court finds that the court-martial jurisdiction over Vlacovsky was still operative at the time. Although the court-martial trial ended on April 16, 1996, at time of filing this petition he had not yet served his seven-day sentence.

Moreover Respondents did not delay in imposing his sentence, since in accordance with the Rules for Court–Martial this sentence cannot be imposed until the convening authority "takes action" and approves the sentence. Only then can the punishment be levied against Vlacovsky, and the rules for court-martial specifically extend court-martial jurisdiction over the accused for not just sentencing but also punishment. *See supra.* At the time of the May 6, 1996 hearing before this Court, the convening authority did not yet have the ability to take action on the case because none of the three ways in which the convening authority may do so had been triggered: Vlacovsky had not submitted matters for clemency,[1] he had not waived his right to do so, and the 10–day statutory period after authentication of the trial record had not elapsed. The trial record was authenticated and thereafter served on Vlacovsky on May 3, 1996, and thus the 10–day statutory period expired on May 13, 1996.

For these reasons the Court finds that Respondents did not wrongfully extend Vlacovsky's term of enlistment because they have military court-martial jurisdiction over him up until the time he serves his sentence. Although the court-martial trial is over, at the time of the hearing before this Court Vlacovsky had not yet served his sentence of seven-days confinement to base. For this reason the Court denies the petition for writ of habeas corpus and similarly denies Vlacovsky's request for attorney fees.

However the Court notes that by instituting this action, Vlacovsky has objected to his continued retention under court-martial jurisdiction. Under the rule as conceded by Respondents, now that Vlacovsky has objected to his retention, continued court-martial

---

1. At the hearing for this matter, counsel for Vlacovsky intimated that Vlacovsky planned to sub-  mit matters for clemency.

jurisdiction over him is authorized only if Respondents act within a reasonable time to complete the disciplinary proceedings against him. Specifically, Respondents must act within a reasonable time for the convening authority to affirm his sentence, impose his punishment of seven days restriction to base, and thereafter discharge him. In the event that they do not do so within a reasonable time then Vlacovsky may petition this Court for relief.

### CONCLUSION

For the reasons stated above the Court DENIES Vlacovsky's petition for writ of habeas corpus and DENIES his request for attorney fees.

IT IS SO ORDERED.